# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALPHONSO P. ALLISON, | ) |
| Petitioner, | ) |
| vs. | ) Case No. 19-CV-349-SMY |
| USA, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court *sua sponte*. On April 24, 2018, Petitioner Alphonso P. Allison filed a Motion for Ineffective Counsel in his criminal case, *USA v. Allison*, 4:16-cr-40037-SMY-1. That one-page motion was stricken and the Clerk of Court was directed to file it in this case as a Motion to Vacate, Set Aside, or Correct Sentence (2255) (Doc. 90 in the criminal case).[1] The Clerk of Court was also directed to send to Allison the § 2255 form motion and Allison was instructed to fill out the form and include any additional claims for relief within 30 days of receipt (Doc. 91 in the criminal case). That Order was returned to the Clerk of Court as undeliverable. The Clerk of Court then updated Allison's address and forwarded the Order to his new address, Talladega Federal Correctional Institution, P.O. Box 1000, Talladega, AL 35160. It is unclear from the docket whether the Clerk also sent to Allison the § 2255 form motion to complete.

When Allison's Motion was filed in this case, it also was returned as undeliverable,

---

[1] Petitioner's motion is entitled "Motion for ineffective counsel" and states that he wishes to "file if my memory serves me right a something 22." He then goes on to assert that he was denied effective assistance of counsel because counsel did not acknowledge or bring to the Court's attention his mental difficulties. The motion is only one handwritten page.

having been mailed to Allison's previous address at the Jackson County Jail. It is unclear from the docket sheet whether the Clerk attempted to mail the Motion to Allison at his new address at Talladega FCI. In any event, Allison has not supplemented his §2255 Motion nor has he submitted his claims on the form provided by the Clerk.

Pursuant to *Castro v. United States*, 540 U.S. 375 (2003), Petitioner is now **WARNED** of the consequences of failing to supplement his § 2255 Motion. Petitioner has only one opportunity to file a § 2255 Motion without seeking prior approval from the Court of Appeals, as the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "governs § 2255 proceedings and imposes tight limits on second or successive petitions." *Vitrano v. United States*, 721 F.3d 802, 806 (7th Cir. 2013) (citing *Suggs v. United States*, 705 F.3d 279, 285 (7th Cir. 2013)). Specifically, AEDPA "allows every prisoner one full opportunity to seek collateral review" within certain time limits. *Vitrano*, 721 F.3d at 806 (quoting *Johnson v. United States*, 196 F.3d 802, 805 (7th Cir. 1999)). Any additional, later-filed petition under 28 U.S.C. § 2255 is a "second or successive" motion, which a district court may not entertain "unless the prisoner has first obtained authorization to file from the court of appeals." *United States v. Obeid*, 707 F.3d 898, 901 (7th Cir. 2013) (citing 18 U.S.C. §§ 2244(a); 2255(h)).

In light of this restriction, Allison may either: (1) object to the characterization of his "Motion of ineffective counsel" as a § 2255 Motion; (2) withdraw the § 2255 Motion; or (3) amend the § 2255 Motion. If Allision seeks to amend his Motion, he should include *all* claims for relief.

The Clerk of Court is **DIRECTED** to mail this Order to Petitioner along with the § 2255 form Motion to his address at Talladega FCI. Allison shall respond to this Order by either objecting to, withdrawing, or supplementing his § 2255 Motion within 30 days of the date of

this Order. Failure to pursue one of the above three options will result in consideration of the pleading as originally filed and as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to § 2255.

**IT IS SO ORDERED.**

**DATED: September 25, 2019**

**STACI M. YANDLE**
**United States District Judge**