# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALPHONSO P. ALLISON, | ) |
| Petitioner, | ) ) ) |
| vs. | ) Case No. 19-CV-349-SMY ) ) |
| UNITED STATES OF AMERICA, | ) ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**YANDLE**, **District Judge:**

Now pending before the Court is Respondent's Motion for Order Authorizing Criminal Defense Attorneys to Provide Information and Written Response (Doc. 14). Petitioner has not responded to the Motion.

In his Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 and the supplements thereto, Petitioner claims his criminal defense attorney, James M. Stern, provided ineffective assistance of counsel at both trial and sentencing. His claims implicate, either directly or indirectly, his communications with his attorney and the advice he rendered. In light of Petitioner's allegations, the Government seeks an affidavit from Stern regarding his representation of Petitioner that may implicate attorney-client privilege.

"Attorney-client privilege is generally waived when the client asserts claims or defenses that put his attorney's advice at issue in the litigation." *Garcia v. Zenith Electronics Corp.*, 58 F.3d 1171, 1175 n.1 (7th Cir. 1995). Here, the Court finds that Petitioner's allegations of ineffective assistance of counsel operate as a waiver of the attorney-client privilege as to matters relevant to the issues in his § 2255 motion. Accordingly, Respondent's Motion (Doc. 14) is

**GRANTED.** Attorney Sterns is authorized to provide an affidavit regarding Petitioner's allegations of ineffective assistance of counsel to Respondent for inclusion with its response.

**IT IS SO ORDERED.**

**DATED:  April 1, 2020**

*[signature]*

**STACI M. YANDLE**
**United States District Judge**